# THE BALTIMORE AND OHIO RAILROAD COMPANY
## *v.* THE STATE, Use of Mary and John Miller.

### *Decided June 24th, 1868.*

Railroad companies ; duties and liabilities ; to passengers or strangers ; negligence ; contributory ; violations of city Ordinances ; prayers and instructions.

A rail road company, in the lawful pursuit of its business, employing useful, but dangerous powers, is required to observe a degree of caution and care, proportioned to the increased risk and danger of in-

flicting irreparable injury upon others in like lawful pursuit of their avocations; but the duty is not imposed upon it, of using every possible contrivance that human ingenuity might provide; but it should be vigilant in making use of every reasonable safeguard which the nature of its business will admit, to avoid unjust interference with others. (*a*)                                            pp. 259, 260

The relative rights between a railroad and strangers are different in degree from those between it and passengers; towards the latter there is the superadded obligation arising from contract and confidence, and towards them the utmost vigilance and care are to be observed.
p. 260

If a party receive injury from a rail road company by its negligence and want of care, and it can be shown that such party, by his own want of ordinary care, occasioned the injury, or by his negligence directly contributed to his own misfortune, he can maintain no claim for damages, although the company, by the use of greater diligence, might have prevented the injury.   (*b*)                         pp. 260, 262

A rail road company in the lawful pursuit of its business, is only obliged to use such reasonable care and diligence, as ordinary prudence would suggest and require, in the passage of its locomotives through the thoroughfares of a city.   (*c*)                      p. 261

**253**      *If a rail road company do not conform to the city ordinances, providing certain safeguards in the use of its engines, it is not in the lawful pursuit of its business, and is responsible for any injury which it may occasion, if the party injured be not in fault.   (*d*)
p. 261

---

(*a*)   But railroad companies are bound to use such care and caution to prevent injury, as prudent persons would have used and exercised under the circumstances; *N. C. R. R. Co. v. Price, post*, p. 438. As to the use of the best machinery, etc., see *B. & S. R. R. Co. v. Woodruff*, 4 Md. 257; *Duvall v. B. & O. R. R. Co.*, 73 Md. 517; *Wood v. Heiges*, 83 Md. 269, 271; *City Pass. R. R. Co. v. Nugent*, 86 Md. 358.

(*b*)   See *Lake Roland Elevated Railroad Co. v. McKewen*, 80 Md. 593.

(*c*)   As to the duty of pedestrians at the street crossings of railways, see *State v. B. & O. R. R. Co.*, 73 Md. 375; *Duvall v. B. & O. R. R. Co.*, 73 Md. 517, and *Union Railroad Co. v. State, use of. Steever*, 72 Md. 158, 161; at private crossings, see *Annapolis and Baltimore Short Line R. R. Co. v. Pumphrey*, 72 Md. 85. See also *Bannon v. B. & O. R. R. Co.*, 24 Md. 108, note (*b*).

(*d*)   As to the violation of ordinances being a matter for consideration, in the question of negligence, see *McMahon v. N. C. Rwy. Co.*, 39 Md. 460; *Lewis v. B. & O. R. R. Co.*, 38 Md. 604; *Balto. City Pass. Rwy. Co. v. McDonnell*, 43 Md. 534; *B. & O. R. R. Co. v. State, use of Allison*, 62 Md. 479; *B. & O. R. R. Co. v. Mali*, 66 Md. 53; *P., W. & B. R. R. Co. v. Stebbing*, 62 Md. 504.

See also *Flynn v. Canton Co.*, 40 Md. 312, where it is held that the failure of the appellees to remove snow and ice from its sidewalks, in com-

What constitutes negligence by the party injured, or proper diligence by the rail road company, are questions for the jury.  (*e*)

pp. 262-263

Appeal from the Superior Court of Baltimore City.

This action was brought against the appellant, for the use of Mary Miller and John Miller, the equitable plaintiffs, to recover damages for the killing of one Otto G. Miller, who was the husband of Mary, and the father of John.

First Exception.—The deceased was killed on Ostend street, in the City of Baltimore, about twelve feet from the intersection of Russell street; he had gone down Russell street, and was crossing Ostend street; a steam engine and tender, with the tender ahead, was going westwardly on a rail road track of the appellant, laid down on Ostend street, on the northern side of the street; just before, a train of coal hoppers, about thirty in number, had passed along eastwardly on a rail road track on the southern side of the same street; there were high banks on each side of Ostend street, as also on each side of Russell street; the place where Miller was killed was a very dangerous place, and a person going down Russell street towards the rail road tracks could not see either up or down the tracks until he got very near them.

It was also shown that no bell was rung, and that no one was riding on the tender in front, as required by Ord. No. 67, of Rev. Ord. of 1858. This Ordinance, as also Ord. No. 34, of same revisal, were offered in evidence.   The appellee's proof

---

pliance with the ordinances of the Mayor and City Council of Baltimore, did not render them liable in damages to the appellant who was injured by ice on the sidewalk of the appellees, formed there entirely by the action of the elements. Their only liability was held to be the fine provided in the ordinance.

(*c*)  See *Cumb. & Penna. R. R. Co. v. State*, 37 Md. 169, and cases cited; *B. & O. R. R. Co. v. Keedy*, 75 Md. 329; *Cooke v. Balto. Traction Co.*, 80 Md. 558; *Baker v. Md. Coal Co.*, 84 Md. 19.  But at times, what constitutes contributory negligence, is a question for the court to decide, and the jury may be instructed accordingly; see *B. & O. R. R. Co. v. State*, 75 Md. 537;   *B. & O. R. R. Co. v. State, use of Wiley*, 72 Md. 40; see also *Balto. Trac. Co. v. Helms*, 84 Md. 526.   See note (*c*) to *B. & O. R. R. Co. v. Worthington*, 21 Md. 275; as to the burden of proof in action for damages because of negligence, see *Coughlan v. B. & O. R. R. Co.*, 24 Md. 84-85, note (*cc*).

showed that no whistle was blown, while the appellant's proof maintained the contrary.   Other evidence was given tending to show negligence on the part of Miller.   It was also. shown that he was a sober, industrious man, with a wife, and child ten years old, who are the equitable plaintiffs; that he earned

**254** from twelve to fourteen *dollars per week, and supported his family comfortably in a small house.

On the evidence the plaintiff prayed the court to instruct the jury as follows:

If the jury find from the evidence, that the defendant was, at the time of the happening of the alleged accident of which the plaintiff complains, the owner of a rail road track or tracks running through or across the thoroughfares and streets of the City of Baltimore, as described by the witnesses,. and along which for its own purposes, cars were drawn or propelled by steam engines, then in the use and management of said cars and engines, the defendant was bound to exercise the utmost care and diligence which it had the means and power to employ, having regard to the business in which it was engaged; and if the jury find that Otto G. Miller was killed by a tender attached to a steam engine belonging to the defendant, and that if the defendant in the use and management of its cars and engines, had exercised such care and diligence, the killing would not have occurred; and if the jury find that said Miller was the husband of one of the equitable plaintiffs, and the father of the other, and that this last mentioned is a child under the age of twenty-one years, then the plaintiff is entitled to recover, unless the jury find that the killing could have been avoided by the exercise, on the part of the deceased, or ordinary care.

This instruction the court granted, and the defendant excepted.

Second Exception.—The defendant offered the following prayers:

1. If the jury shall believe from the evidence, that just before the happening of the accident whereby said Miller was killed, he was standing in the bed of Ostend or Russell street, with his attention attracted by the train of cars passing eastwardly on the south track in Ostend street, and that he did not observe the engine and tender backing westwardly on the north track on Ostend street, and that without looking to the left when the

train on the south track had passed, he stepped *on **255** the north track and was thrown down and killed by being struck by the tender, as testified to by the witnesses, then he was not exercising such care for his own safety, as was proper; and becoming a contributor to his own injury, the plaintiff cannot recover, even should the jury believe that by the exercise of greater diligence the defendant, by its agents, might have prevented the accident.

2. That if the jury shall believe the facts stated hypothetically in the first prayer, as regards the passing of the train, and the movement of the engine and tender, and the position of Miller at the time, then if the jury shall believe that the defendant's agents saw Miller standing in safety, from their position on the engine as testified, it was reasonable for them to suppose that he would remain where he was, and would not attempt to cross the track in front of the tender, and they were under no obligation to check the speed of their engine or stop the same until they saw whether he would cross or not, and no negligence can be imputed to them for not doing so; provided the jury shall believe that the said engine and tender were moving slowly at the time, and that the signal of their approach was given by those in charge of them, as testified to by the witnesses on the part of the defendant.

3. If the jury shall believe from the evidence, that on approaching the street, the engineman blew the whistle as a signal, and saw the said Miller stop as he approached the street, and that as soon as notice was given to him, that the said Miller was attempting to cross the street, he reversed the engine, and stopped it within the length of the tender, and that the engine was moving slowly at the time, then the plaintiff is not entitled to recover.

4. If the jury shall believe from the evidence, that the deceased lost his life because of the want of ordinary care on his part, then the plaintiff is not entitled to recover, even though the jury should believe that the Ordinances of the city were violated by the defendant in not ringing a bell, or having a man on the rear end of the tender, or that it was otherwise in fault.

*5. That the plaintiff is entitled only to such actual **256** pecuniary loss as the *cestui que use* may have sustained, and

that the jury are not authorized to give exemplary or punitive damages, or to take into consideration the pain and grief of the survivors.

6. If the jury shall believe from the evidence, that the deceased, when approaching the northern track of the road on which he was killed, looked neither to the right nor left, to see whether the train was approaching, then there was such a want of ordinary care on his part as will prevent the jury from giving a verdict for the plaintiff.

The court (Martin, J.,) granted the fourth and fifth prayers, and refused to grant the first, second, third and sixth.

To this refusal the defendant excepted, and the verdict and judgment being against it, the present appeal was taken.

The cause was argued before Bartol, C. J., Stewart, Miller and Alvey, JJ.

*Ferdinand C. Latrobe,* for the appellant :

The instruction of the court in granting the plaintiff's prayer was erroneous, because it required the defendant in the management of its cars and engines, at the time of the accident, to have exercised " *the utmost care and diligence which it had the means and power to employ,* having regard to the business in which it was engaged." This was exacting more than the law required of the defendant. The liability of the defendant in this case, did not depend upon its obligation as a carrier of passengers, in which character it is bound to use the utmost care and diligence which human foresight can use, but the party killed not being a passenger, the defendant was not required to exercise that degree of vigilance which the law requires towards those, between whom and it there is a relation of trust and confidence. *State v. Balt. & O. R. R. Co.* 24 Md. **257** 84; *Bannon *v. B. & O. R. R. Co.* 24 Md. 108; *Brand v. R. R. Co.* 8 Barb. 378; *B. & O. R. R. Co. v. Breinig,* 25 Md. 378.

The refusal of the court to grant the first, second, third and sixth prayers of the defendant was erroneous. The law is well established that, notwithstanding there may be negligence proved on the part of the defendant, it is equally necessary for the plaintiff to establish the proposition that he was without

negligence. *Spencer v. R. R. Co.* 5 Barb. 337; *Hartfield v. Roper,* 21 Wend. 615; *State v. B. & O. R. R. Co.* 24 Md. 84.

The refusal of the court, therefore, to grant the first and sixth prayers of the defendant was erroneous, because the evidence of contributing negligence on the part of the deceased and utter disregard of his own safety, was so clear, that it was the duty of the court to have determined it as a question of law. Where the inference from the facts, in any view that may be taken of the case, is necessarily, that there was negligence, the court ought to determine it as a matter of law. *Briggs v. Taylor,* 28 Vt. 180; *Cornman v. R. R. Co.* 5 Jurist N. S. 657; *Cotton v. Wood,* 7 Jurist N. S. 168; *Wilds v. R. R. Co.* 24 N. Y. 430; *R. R. Co. v. McClurg,* 56 Pa. St. 295; *Todd v. R. R. Co.* 7 Allen, 207.

Where a party approaches a rail road crossing, knowing it to be such, and crosses it without stopping to look if a train is approaching, and is thereby injured, it must be regarded as negligence in itself, and when that is the state of the evidence, it is the duty of the court to declare it negligence in law. *R. R. Co. v. Heilman,* 49 Pa. St. 60; *Reeves v. R. R. Co.* 30 Pa. St. 464; *R. R. Co. v. Zebe,* 33 Pa. St. 318.

*The court should have granted the first and sixth **258** prayers of the defendant, thereby instructing the jury that it was in itself negligence, for the deceased to approach the track of the road on which he was killed, without looking to see if a train was coming. Whether due diligence has been observed is a question for the court, on facts to be found by the jury. *Ewalt v. Harding,* 16 Md. 160, 170; *Pa. & Del. S. N. Co. v. Hungerford,* 6 G. & J. 291; *Merchants Bank v. Bank of Commerce,* 24 Md. 53; *Patton v. Wilmot,* 1 H. & J. 477.

By granting these prayers, the court would have left it to the jury to find, whether or not the deceased did so negligently approach the track, and whether it was by reason of such negligence that he was killed. By refusing to grant these prayers, the court left the *fact* of his approaching the track in this careless manner, as merely evidence from which the jury might or might not find negligence.

*Joseph Blyth Allston* and *Wm. Shepard Bryan,* for the appellee:

The care mentioned in the instruction was such as the exigen-

cies of the case required. As was said in *Johnson v. R. R. Co.* 6 Duer, 645, affirmed, 20 N. Y. 65, " whether this be called ' ordinary ' or ' the utmost ' care is immaterial—a mere question of words; so long as the standard is right, its name is of no consequence." *Cotterill v. Starkey,* 8 Carr. & Payne, 691 ; Story on Bailm. sec. 599, *a;* 1 Redfield on Railways, 549; *Kelsey v. Barney,* 11 N. Y. 429; *Balt. & Susq. R. R. Co. v. Woodruff,* 4 Md. 242.

The party causing the death would be guilty of felony, if he used less caution than that mentioned in the instruction. Wharton's Cr. Law, sec. 1005.

This case is strikingly different from *Bannon's Case,* 24 Md. 108. In the latter, the place of the accident was not a **259** *thoroughfare, nor were any Ordinances in evidence restricting the defendant's right to use steam engines and imposing a special degree of caution. The Ordinance in evidence in this case (No. 67, sec. 2,) requires the defendant to use great precaution, and shows that in granting a limited license to use steam engines in the streets of the city, the local legislature put the interest and convenience of rail road corporations far below the safety of the citizen.

The first, second, third and sixth prayers take the question of negligence from the jury, contrary to the decision in *Worthington's Case,* 21 Md. 275.

Stewart, J., delivered the opinion of the court.

However the law may be, elsewhere, in regard to the duties of rail road companies in cases, like the present, where damages are claimed for alleged neglect and wrongful conduct, it is settled, in this State, by the decisions of this court in *B. & O. R. R. Co. v. Worthington,* 21 Md. 275 ; *State v. B. & O. R. R. Co.* 24 Md. 84; *Bannon v. B. & O. R. R. Co.* 24 Md. 108; and *B. & O. R. R. Co. v. Breinig,* 25 Md. 378. There is no feature, in this case, connected with the proposition involved in the first exception, to distinguish it from them, and particularly *Breinig's Case,* where the instruction of the court was entirely similar.

The doctrine announced is plainly this : that whilst a rail road company, in the lawful pursuit of its business, employing use-

ful but dangerous powers, is required to observe a degree of caution and care, proportioned to the increased risk and danger of inflicting irreparable injury upon others in like lawful pursuit of their avocations, the duty is not imposed upon it of using every possible contrivance that human ingenuity might provide; but regarding the dangerous nature of its employment, and its liability seriously to interfere with the pursuits of others, it should be vigilant in making use of *every reasonable **260** safeguard, which the nature of its business will admit, to avoid unjust interference with others.

The relative rights between it and strangers are different in degree from those between it and passengers, whose claim have a superadded obligation arising from contract and confidence; and the utmost vigilance and care are to be observed in regard to them. The demand of strangers makes it incumbent on it, upon general principles of humanity, to exercise such reasonable vigilance and care towards them as not to be the occasion of doing them an injury by its negligence, which could be avoided by judicious foresight.

It is protected by the principle common to it, with others, that if a party receives injury from it by its negligence and want of care, and it can be shown that such party has, by his own want of care, been the occasion of the injury, or by his negligence, directly contributed to the accident, he can sustain no claim for the damage inflicted upon him, and it is excused. If disaster occur under such circumstances, it is the party's own misfortune. The rail road company, in the due discharge of its duty to the public, in running its engines and cars, in the thronged streets of a populous city, where old and young, the active and decrepit, have a right to be passing, is required to use a higher degree of caution than would be necessary, when moving in the open country, where there is not the same imminency of collision with others; whilst it is necessary, with regard to the character of its business, that the cars and engines of a rail road company should move with more speed than ordinary conveyances, every reasonable precaution must be used compatible with the exigencies of its business and commensurate with the risk and hazard that necessarily arise. The rail road company, although using a machinery capable of great and dangerous results, if negligently employed, yet being a great public con-

venience when exercising its agencies in a proper manner and having the lawful right to travel the road, has the incidental obligation imposed upon it, in the employment of its force, to **261** use correspondent precaution *and vigilance to prevent irreparable injury to others.    The instruction of the court below, in the plaintiff's prayer, in the first bill of exceptions, might mislead the jury as to the extent of the duty incumbent on the defendant by the use of the language " that the defendant was bound to exercise the utmost care and diligence which it had the means and power to employ, having regard to the business in which it was engaged."

The defendant, in the lawful pursuit of its business, was only obliged to use such reasonable care and diligence as ordinary prudence would suggest and require, having regard to the business in which it was engaged, and its liability to dangerous collision with others, in the passage of its locomotives through the thoroughfare of a city.

We perceive no error in the latter clause of the instruction denying the right of the plaintiff to recover, if the deceased had not used ordinary care to avoid the accident.   The first position is objectionable for the reasons stated; and, therefore, the instruction is overruled.   Nothing was said in the instruction as to the question whether the company at the time of the accident was in the lawful pursuit of its business.   If the defendant were not conforming to the Ordinances of the city, providing certain safeguards and precautionary measures, then the language of the instruction requiring the " utmost vigilance," might have been given, which was less than such an occasion required. The court might have gone further and instructed the jury that the company was responsible at all hazards for any accident occasioned by it, unless the other party was also in fault.   If the company had failed in regard to such requirements, it was then not in the lawful pursuit of its business, and not entitled to the consideration of the law, whose injunctions it had disregarded: under such circumstances, the highest possible vigilance could not have afforded it protection from the consequences of its lawless acts.   The second bill of exceptions in this case, not expressly referring to the first, objection was made by the counsel **262** for the appellee, *that there was no evidence therein upon which the defendant's prayers could be founded.   But as

the judgment must be reversed, upon the first exception, and the case sent back for a new trial, and there is no doubt from the record before us, that the prayers in the second exception were based upon the evidence in the first, we think it proper to consider them in their connection, without meaning to decide as to the validity of the objection under other circumstances.

The fourth and fifth prayers of the defendant were granted; but the court having refused its first, second, third and sixth prayers, it excepted. We think they were all properly rejected. The first and sixth may be considered together, as they involve the same proposition—asking the court to declare to the jury that certain conduct on the part of the deceased, if believed by them, would constitute negligence, and bar a recovery.

There is no doubt of the law, as stated in the latter part of the plaintiff's prayer in the first bill of exceptions, upon which we have expressed our views, to wit: That the right to recover is dependent upon the deceased having made use of ordinary care to avoid the accident, and that, if he were a contributor to his own misfortune by his negligence, no recovery could be had, although the defendant, by the use of greater diligence, might have prevented the accident. As to the principle involved in the first and sixth prayers of the defendant, requiring the court to define for the jury the facts constituting negligence on the part of the deceased, if the jury believed them, we do not think, under the facts and circumstances of this case, it was error on the part of the court to reject these prayers, and to submit to the jury the question of negligence on the part of the deceased, the court having prescribed or recognized the rule or standard of care and diligence required by the law, as expressed in the latter clause of the plaintiff's prayer in the defendant's first exception, and in the defendant's fourth prayer in the second exception, which was granted. *B. & O. R. R. Co. v. Worthington,* 21 Md. 275.

*The second and third prayers of the defendant may **263** be considered together, for like reasons as were the first and sixth.

Whilst the first and sixth prayers asked the court to characterize certain facts as constituting negligence on the part of the deceased to bar a recovery, the second and third prayers invoked the court to specify for the jury what facts constituted

the requisite amount of diligence on the part of the defendant to exempt it from liability. For similar reasons which preclude us from conceding the propriety of the first and sixth prayers, to wit: that they were questions for the jury, we think the court below was right in the rejection of the second and third prayers of the defendant.

*Judgment reversed and procedendo awarded.*

Alvey, J., dissented as to the ruling of this court in reference to the first and sixth prayers of the defendant, being of opinion, that they should have been granted by the court below.