SAMUEL D. LEWIS *vs.* THE BALTIMORE AND OHIO
RAILROAD COMPANY.

*Contributory Negligence—Province of the Court and Jury—
Negligence or want of ordinary care—Concurrent Negligence.*

Between six and seven o'clock in the evening in the month of January, the
Balt. & Ohio R. R. Co., by its agents, was engaged in making up a train
of freight cars on the line of Howard street, north and south of Camden
street, preparatory to its leaving the city of Baltimore. The engine was
attached to the south end of the train, some distance below Camden street,
and was backing the cars up Howard street to couple with cars north of
Camden street. A person being at Camden Station, started to go to the
Fountain Hotel, on the north side of Camden street, a short distance from
the corner of Howard street. On reaching the corner of Howard and
Camden streets, he found the crossing blocked up by the cars as above
described, but instead of waiting until the train had moved, or walking up
to Pratt street, the distance of a square, when he could have crossed without
risk, he attempted, although it was dark, and without looking or inquiring
whether an engine was attached to the train, to climb over the platform of
the car and thus cross to the opposite side of the street. While in the act of
pulling himself up by the handle attached to the car, with one foot on the
platform and the other hanging down, the train suddenly moved and his
leg was caught and crushed between the two cars. In an action by the
injured party against the railroad company to recover damages, it was HELD :

That the attempt of the plaintiff to get on the platform of the car, under the
circumstances, was such an act of carelessness as amounted in law to con-
tributory negligence, and disentitled him to recover.

Although it is the province of the jury to decide matters of fact when evidence
legally sufficient for that purpose is submitted to their consideration, yet this
legal sufficiency is a question of law, of which the Court is the exclusive
judge; and where the testimony is so slight and inconclusive, that no
rational mind can infer from it the fact which it is offered to establish, it is
not only the right, but the duty of the Court, when appealed to for that
purpose, to instruct the jury that there is no evidence before them, to war-
rant their finding the fact so sought to be established.

In an action against a railroad company to recover damages for an injury sustained by the plaintiff, through the alleged negligence of the defendant, and in all cases of the like kind, the proper question is, whether the injury complained of was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff so far contributed to the misfortune by his own negligence or want of ordinary care and prudence, that but for such negligence, or want of ordinary care and prudence, the injury would not have happened. In the first case the plaintiff would be entitled to recover; in the latter he would not, unless the defendant, by the exercise of care and prudence on his part, might have avoided the consequences of the negligence of the plaintiff.

An action will lie in some cases when there has been negligence on both sides, but in such cases it must appear that the defendant by a proper degree of caution might have avoided the consequences of the plaintiff's neglect; or that the latter could not by ordinary care and prudence have avoided the consequences of the defendant's negligence. This implies, however, time for one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other's negligence. But where there is no opportunity for one party to become aware of the negligence of the other, and the injury is occasioned by the concurrent and co-operating negligence of both, an action will not lie.

APPEAL from the Circuit Court for Howard County.

This suit was instituted in the Court of Common Pleas by the appellant to recover damages from the appellee, for an injury alleged to have been occasioned by the negligence of its agents. On the suggestion and affidavit of the defendant the case was removed to the Circuit Court for Howard County, for trial. The facts showing how the plaintiff was injured, are sufficiently set out in the opinion of the Court.

The plaintiff at the trial offered in evidence, sections 1, 4, 5, 6, 7, 9, 13, 14, 17, 105 and 117 of Article xxxvi of Baltimore City Code; and the defendant read in evidence section two of the same Article.

*Exception.*—The plaintiff offered the following prayers:

1. That the attempt of the plaintiff to pass over the platform of the defendant's cars, in the manner and under

the circumstances detailed in the evidence, was not an act in violation of the second section of Article 36 of the Baltimore City Code.

2. If the jury find from the evidence, that on or about the 16th day of January, 1871, the plaintiff was injured by the cars of the defendant, while operated by its agents on its road, and that said injury resulted directly from the want of ordinary care and prudence on the part of the agents of the defendant, and not from the want of ordinary care and prudence, or from the unlawful act of the said plaintiff, directly contributing to the injury, then the plaintiff is entitled to recover.

3. Even if the jury believe that the plaintiff was guilty of a want of ordinary care and prudence in attempting to pass between the cars of the defendant, under the circumstances disclosed in the evidence, and that in doing so he violated an ordinance of the City Council of Baltimore ; yet, if the jury further find, that if the agents of the defendant had used, in and about the running or moving of the train that injured the plaintiff, ordinary prudence and care in giving reasonable and usual signals before putting the train in motion, and in keeping a reasonable look-out, the injury would not have occurred, then the plaintiff is entitled to recover ; provided the jury find the other facts set out in the first prayer of the plaintiff.

4. If, under the instructions, the jury should find for the plaintiff, he is entitled to such damages as will fairly compensate him for the time lost during, and reasonable expenses in effecting, his cure; for the physical and mental suffering caused by the injury, and for the permanent reduction of his power to earn money, considering the reasonable probabilities of the life of the plaintiff.

5. If the jury find from the evidence that the agents of the defendant did not conform to the ordinances of the

City of Baltimore, prescribing certain regulations to govern the defendant in the use and management of its cars, trains and engines, within the limits of the said city, at the place where the accident occurred, and that the failure to conform to said regulations contributed directly to the accident by which the plaintiff was injured, then the plaintiff is entitled to recover; unless the jury shall find that the plaintiff, by his negligence, or by some unlawful act, directly contributed to his own injury.

6. In considering the question of negligence, it is competent for the jury, in connection with the other facts and circumstances of the case, to infer the absence of fault on the part of the person injured, from the general and known disposition of men to take care of themselves and to keep out of the way of difficulty and danger.

7. If the jury find from the evidence that the plaintiff was guilty of negligence, which contributed to his injury, and also find that the plaintiff's injury was not the ordinary and likely result of such negligence, but was due to some wholly unlooked for and unexpected event, which could not reasonably have been anticipated or expected to be likely to occur, then the plaintiff is not disentitled to recover by reason of such negligence.

8. If the jury believe from the evidence that the plaintiff's act, in crossing between the defendant's cars, was invited or induced by the unlawful act of the defendant or its agents in obstructing or blocking up the street, the plaintiff is not debarred from his recovery by his negligent act so invited or induced, although such negligent act directly contributed to the injury of the plaintiff.

The following prayers were offered by the defendant:

1. That if the jury shall find from the evidence that the injury complained of occurred when the plaintiff was getting upon the platform of a freight-car, (part of a

train of the defendant then at the intersection of Camden and Howard streets,) which train was then in the course of being made up, and that such injury would not have occurred if the plaintiff had not attempted to get upon said freight-car, then the plaintiff is not entitled to recover in this case.

2. That if the jury shall find from the evidence that the injury complained of would not have occurred if the plaintiff, in crossing Howard street, had not attempted to get on a freight-car of the defendant, at the intersection of Howard and Camden streets, and that he could have crossed Howard street in safety, by walking less than a square, and passing around the train of which said car formed a part, then he is not entitled to recover in this case.

3. If the jury believe from the evidence, that at the time of the injury complained of, the defendant was engaged in making up a train on Howard street, north and south of Camden street, preparatory to taking the train out of the city, by coupling together a number of cars standing on said Howard street, by attaching an engine to the south end thereof and backing the cars up Howard street, coupling them together as they were brought in contact with each other, and that the cars north and south of Camden street had already been coupled together, thus forming a continuous train across the crossing of Howard street at Camden, and if, at the time the company were thus making up its train, the plaintiff attempted to cross Howard street by climbing over the platform of one of the cars so being made up, and was caught between the bumpers of the car and injured, then the act of the plaintiff was such a want of ordinary care as contributed directly to the injury, and he cannot recover.

The Court, (HAMMOND, J.,) rejected the prayers of the plaintiff and granted those of the defendant; the plain-

Lewis *vs*. Balt. & Ohio R. R. Co.

tiff thereupon excepted, and the verdict being against him, he appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT and ROBINSON, J.

*Joseph Packard, Jr.*, and *Richard M. Venable*, for the appellant.

The Circuit Court was not warranted in instructing the jury that the act of the plaintiff was contributory negligence.

This Court has on several occasions intimated that Courts under certain circumstances are warranted in declaring acts to be negligent as a matter of law, and has discussed the characteristics of such acts. These characteristics form the tests by which it may be determined when the Courts are to assume the province of declaring an act negligent. They are—

1st. The complexity or simplicity of the act. The Courts will not leave the question of negligence to the jury where the case presents some prominent and decisive act, in regard to the effect and character of which no room is left for ordinary minds to differ; when the act in question is not dependent upon surrounding circumstances for its quality, and when that quality can be determined only by considering all the attendant circumstances of the case. *Balt. & O. R. R. vs. Fitzpatrick*, 35 *Md.*, 32, 46.

The act of the appellant in this case was no more prominent or decisive, and no less dependent on surrounding circumstances for its quality than the acts of the persons injured in the following cases: *Shipley's Case*, 31 *Md.*, 368 ; *Fitzpatrick's Case*, 35 *Md.*, 32 ; *Trainor's Case*, 33 *Md.*, 542.

2nd. The act must be proved by uncontroverted testimony. Prayers taking a case from the jury necessarily

concede the truth of all the evidence in the cause, and all legitimate inferences therefrom tending to disprove negligence in the plaintiff. *Shipley's Case,* 31 *Md.,* 368, 370–1.

3rd. The act must be the proximate (and not the remote) cause of the injury. An act is the proximate cause of all effects which are reasonably probable to follow from it. And this test merely means, that an act is the proximate cause of those injuries which an ordinary mind would reasonably judge that the act would lead to. In other words, an incautious act may be a proximate cause—and a cautious act can never be. So the inquiry into proximate and remote causes is merely an inquiry into the prudence of the act. *Trainor's Case,* 33 *Md.,* 542, 553–4 ; *Sher. & Red. on Neg.,* secs. 10 and 33.

The prudence of Lewis' act is to be judged in the light of the following considerations :—his trade (brick-mason) made him an expert climber and sure of hand and foot ; he had a practical test of the prudence of his course in having seen several (six or seven) adopt it *(Shipley's Case,* 31 *Md.,* 368 ;)—he had the judgments of these six or seven as to its prudence ; practically he had the judgments of the railroad employés as to its prudence, since they had left the crossing unguarded ; he had the right to conclude that the employés of the railroad would signal before moving the train, and that he would have time after the signal and before the moving to extricate himself from any situation of danger in which his act might involve him ; he had a right to expect that the employés would see that no one was exposed to danger at the crossing, before moving the train ; he was not bound to anticipate negligent conduct on the part of the employés— *(Sher. & Red. on Neg.,* sec. 31 ;) he did not know there was an engine attached to the train, and he might naturally infer from its remaining stationary at the crossing for five or seven minutes, that there was no engine to

it—and he did not know the distance he would have to walk to go around the train. See *Price's Case*, 29 *Md.*, 420 ; *Shipley's Case*, 31 *Md.*, 368 ; *Trainor's Case*, 33 *Md.*, 542 ; *Sher. & Red. on Neg.*, sec. 490.

But in order that the Court may be justified in declaring an act negligent in law, it should have all these characteristics at the same time. It should be uncomplex and decisive and rash or incautious, and should be proved without conflict of evidence. (*Vide*, 31 *Md.*, 368–370.)

[Counsel argued that both on grounds of logical consistency and of public policy questions of negligence should always be submitted to the jury.]

Conceding that Lewis was guilty of negligence, he does not thereby lose his right to recover. Where the defendant might prevent the consequences of the plaintiff's negligence, it is well settled that he is punishable in damages for not doing so. (*Geis' Case*, 31 *Md.*, 357, 366.) This Court, by approving the plaintiff's second prayer in the *Trainor Case*, (33 *Md.*, 542, 544,) established the doctrine that whatever may be the negligence of the plaintiff, if the accident could be prevented by the defendant's ordinary prudence and care, in giving reasonable and usual signals, and in keeping a reasonable lookout, the plaintiff would not lose his right to recover. The third prayer of the plaintiff in this case is taken from the plaintiff's second prayer in the Trainor case, and it is as appropriate to the facts of this case as it was to those of the *Trainor Case*.

*Ferdinand C. Latrobe* and *Thomas Donaldson*, for the appellee.

The theory of the defendant's prayers was, that the acts of the plaintiff, as testified to by himself and other witnesses at the trial, were in themselves such glaring acts of negligence and carelessness on his part, that the Court should declare them as constituting such contributing

negligence in law as would prevent the plaintiff from recovering in this action.

This Court has said frequently, that while in most cases the question of negligence is one for the jury, yet there are cases where the acts of the injured party are so glaringly careless and negligent, that the Court will declare them to constitute negligence in law. *B. & O. R. R. Co. vs. State, use of Miller,* 29 *Md.,* 262 ; *B. & O. R. R. Co. vs. Shipley,* 31 *Md.,* 368 ; *Northern Central R. R. Co. vs. State, use of Price,* 29 *Md.,* 421 ; *B. & O. R. R. Co. vs. Fitzpatrick,* 35 *Md.,* 32 ; *B. & O. R. R. Co. vs. State, use of Dougherty,* 36 *Md.,* 367.

In this case there was no necessity for the plaintiff's exposing himself to unnecessary danger in attempting to cross the street by climbing over the platforms of two cars forming part of a train, to which an engine was attached, and which, if not actually moving at the time, was liable to be put in motion at any moment. Had he walked up Howard street to the end of the train, he could have crossed in perfect safety. His attempt to cross where he did, was simply consulting his own convenience, at the risk of his safety, and if injured, as he was, it was such a *prima facie* contribution to his own wrong, as prevents his recovery against the defendant.

There are two cases, one in Massachusetts, and the other in Illinois, where the facts were almost identical with those in the present case; in both of which the Court ruled, that the attempt of the injured plaintiff to climb between the cars of a connected train, liable to be moved at any moment, for the purpose of crossing a public thoroughfare, was negligence in law. *Gahagan, Administratrix, vs. Boston and Lowell R. R. Co.,* 1 *Allen,* 187; *Chicago, B. and Quincy R. R. Co. vs. Dewey, Adm'x,* 26 *Illinois,* 255.

ROBINSON, J., delivered the opinion of the Court.

This suit was brought to recover damages for injuries alleged to have been caused by the negligence of the defendant.

The undisputed facts are as follows: Between *six and seven o'clock,* on the evening of January 16th, 1871, the appellee, by its agents, was engaged in making up a train of freight cars on the line of Howard street, north and south of Camden street, in Baltimore, preparatory to its leaving the city. The engine was attached to the south end of the train, some distance below Camden street, and was backing or jarring the cars up Howard, to couple with cars north of Camden. The plaintiff being at the depot of the defendant, whither he had gone to take the train for Washington, started to go to the Fountain Hotel, on the north side of Camden street, a short distance from the corner of Howard. Arriving at the corner of Howard and Camden, he found the crossing blocked by the freight cars of the defendant. He did not see the engine attached to the train, although the street lamps were lighted, but he admits he did not look particularly for it; nor did he see any employés of the defendant at or about the crossing. The street had been blocked by the cars from twenty-five to thirty minutes; and a number of persons had collected at the crossing waiting for the train to move. The plaintiff waited from five to seven minutes, during which time he saw several persons climb up to the platform of one of the cars and thus pass to the opposite side of the street; he also saw a policeman stop two women who were attempting to crawl under the coupling of the cars. Finally he determined to climb over the platforms of the two cars, and taking hold of the handle used for getting on the cars, while in the act of pulling himself up, with one foot on the platform and the other hanging down, the train suddenly moved, and his leg was caught and crushed between the two cars. The plaintiff also read

certain ordinances of the city for the purpose of showing that the defendant was making up the train and blocking up the crossing in a manner prohibited by the same.

Upon these facts, the Court, in granting the defendant's and in refusing the plaintiff's prayers, instructed the jury substantially, that the plaintiff had by *his own negligence contributed to the injury*, and was not, therefore, entitled to recover. We fully agree with the counsel for the appellant, that in cases of this kind the question of negligence, as a general rule, is a matter for the determination of the jury, under instructions from the Court defining the degree of care required of each party, according to the nature of the relations borne by the defendant to the party injured.

But we have said more than once " that cases may and do sometimes occur, where the Court is required to declare some *plain act of carelessness* on the part of the plaintiff, to be *in law* such contributing negligence as will prevent a recovery, or, on the other hand, where the proof of negligence on the part of the defendant is so slight and inconclusive in its nature as to demand from the Court an instruction as to its *legal insufficiency* to prove negligence, in order to prevent the jury from indulging in *wild speculation* or irrational *conjecture.*"

In this, as in all other cases, the burden of proof is on the plaintiff, and, although it is the province of the jury to decide matters of fact when evidence legally sufficient for that purpose is submitted to their consideration, yet this *legal sufficiency* is a question of law, of which the Court is the *exclusive judge;* and where the testimony is so slight and inconclusive that no rational mind can infer from it the fact which it is offered to establish, it is not only the right, but the duty of the Court, when applied to for that purpose, to instruct the jury that there is no evidence before them to warrant their finding the fact so sought to be established.

Without reviewing the many cases in which the subject of negligence has been considered, the question in this· and in all cases of the like kind, is whether the injury complained of was caused *entirely* by the *negligence* or *improper conduct of the defendant*, or whether the plaintiff so far contributed to the same by his *own negligence* or *want of ordinary care* and *prudence*, that, but for such negligence or want of care and prudence, the injury would not have happened. In the first case, the plaintiff would be entitled to recover—in the latter he would not, unless *the defendant*, by the exercise of *care and prudence*, might have avoided the *consequences* of the *plaintiff's negligence*. The rule thus laid down in *Tuff vs. Warman*, 94 *E. C. L. Rep.*, 583, avoids the distinction between *remote* and *proximate causes*, a subject which PIGOT, C. B., says has perplexed metaphysicians from the days of the disquisitions of the schoolmen, down to the essays of Hume and Browne, and presents the law in clear and intelligible terms, suited to the capacities of men of good common sense and ordinary information.

The question in this appeal resolves itself then into this, was the attempt on the part of the plaintiff to get on the platform of the car, *under the circumstances*, such a *glaring act of carelessness* as to amount in law *to contributory negligence?* To this, we think, there can be but one answer. On reaching the crossing at Camden and Howard streets, instead of waiting until the train had moved, or walking up to Pratt street, the distance of a square only, where he could have crossed without risk, he attempted, although it was dark, to get on the platform of one of the cars, at a time too when the defendant was making up its freight train, and without even looking or inquiring whether an engine was attached thereto. For such negligence, it is no excuse to say that he had seen five or six of the crowd of persons there collected make a like attempt without injury, and, especially in the face of

the admonition given by the policeman, who, in the very presence of the plaintiff, had prevented two women from exposing themselves to a danger so imminent. The ordinary care which the law requires is the exercise of such caution and prudence as are fairly proportioned to the danger to be avoided, judged by the standard of common prudence and experience. Tested by this standard, the conduct of the plaintiff in thus exposing himself to a danger so threatening, can be viewed in no other light than as an act of carelessness, amounting in *law* to *contributory negligence.*

But it was also contended that the plaintiff is not prevented from recovering, if the defendant, by the exercise of ordinary care, might have avoided the consequences of the plaintiff's negligence. An action, it is true, will lie in some cases, where there has been negligence on both sides, but in such cases it must appear that the defendant, by a proper degree of caution, might have avoided the *consequences* of the *plaintiff's negligence,* or that the latter could not, by ordinary care and prudence, have avoided the consequences of the defendant's negligence. "This, however, implies time for one party to become aware of the conduct and situation of the other, for neither could be required to anticipate the other's negligence." *Northern Central Railway Co. vs. State, use of Geis,* 31 *Md.,* 366.

A man asleep on the highway, or walking negligently, it may be, upon a railroad track, is not to be run over, provided it can be avoided by the exercise of ordinary care. Or, take the case of a vessel failing to exhibit the proper lights and to take the right side of the channel as required by the Navigation Act, such acts of negligence are no defence in a suit against a colliding vessel, provided the latter being aware of the negligence of the former, could have avoided the collision by the exercise of ordinary care. Where, however, there is no opportunity for one party to become aware of the negligence of

the other, and the injury is occasioned by the concurrent and co-operating negligence of both, it is well settled that no action will lie. In the case before us, if it be conceded there was negligence on the part of the defendant in the use of the engine at the time of the injury, it is equally clear, there was concurrent negligence on the part of the plaintiff in attempting to get on the platform of the car, and although the crossing was temporarily blocked, it cannot be imputed as negligence to the agents of the defendant, that they did not anticipate such recklessness on the part of the plaintiff. After the attempt was made to get on the cars, it was impossible for the defendant to have avoided the injury by the exercise of ordinary care, because there was no interval of time during which the agents of the latter could become aware of the danger to which the plaintiff was exposed.

Then on the other hand, so far as regards the *prior acts of negligence* of the defendant, such as using an engine on the track in the city, and blocking the crossing, in a manner prohibited by the city ordinances, it is very clear, that *such acts of negligence* did not exempt the plaintiff from the use of ordinary care in order to avoid the *consequences of the defendant's negligence.* The fact that a train of cars is unlawfully blocking a crossing, is no reason why a person should throw himself under the wheels, or recklessly expose himself to danger. He is bound, notwithstanding such acts of negligence, to exercise proper care and prudence, and if he fails to do so, he cannot hold another responsible for an injury which may be fairly traced to his own negligence.

In any aspect, therefore, in which this case may be considered, we are of opinion, there was *contributory negligence on the part of the plaintiff,* and that the judgment below ought to be affirmed.

*Judgment affirmed.*

(Decided 10th July, 1873.)

STEWART, J., delivered the following dissenting opinion:

It has been so often decided by this Court, that the question of negligence is, as a general rule, for the determination of the jury, from the facts in the case, that it seems to be superfluous to undertake to restate it.

The proposition is a plain one, that where there is any conflict of evidence, it is for the jury to decide, and not the Court. The relative duties of the Court, in such cases, and those of the jury, are best discharged where the Court in plain and intelligible terms defines for the jury the standard by which to apply the evidence, leaving to them to determine the question according to their judgment.

The cases where questions of this sort have arisen, were fully and ably reviewed by the Judge who delivered the opinion in the very recent case of *Dougherty*, 36 *Md.*, 366.

Upon examination it will be found, in the multiplicity of cases brought here for review, there is only one where the Court undertook to deviate from the general rule, to submit the question to the jury, and to decide the question of negligence as matter of law. That was the case of the *Baltimore City Railway vs. Wilkinson*, 30 *Md.*, 226. In that case, the regulations of the Railway, prohibited persons from getting on or off the front end of the car. It was a peculiar case, and the Court say, the question of negligence is a legal question for the Court to decide, and was unlike the case where the facts from which negligence is to be inferred, are controverted, and where no certain legal rule or standard can be laid down, and in which the question of negligence is necessarily to be submitted to the jury. There being really no dispute about the fact, the Court decided a pure question of law, the violation of a regulation of the Company, announcing at the same time the existence of the general rule.

In this case there was much contrariety of testimony, and the facts as to the conduct of the defendant, its alleged violation of the city ordinance, whether there was or not an engine on the train of cars, and the length of the train—were there any signals—whether the train was stationary, and for what length of time—whether there were proper employés in charge of the cars—whether persons were passing over or under the cars, on the usual passway across the street—whether the ends of the train could be readily seen from the point where the accident occurred—the conduct of the plaintiff—whether grossly negligent of his safety, or merely incautious—whether by ordinary prudence on the part of the defendant, in having a person stationed at the crossing, to warn travellers of the danger of attempting to cross ;—were all questions to be weighed and considered by the jury, in reaching a reasonable conclusion as to where the fault was, that directly occasioned the accident.

There is no distinct and uncontroverted fact, that the Court can at once pronounce to be conclusive evidence of the question of negligence.

The three prayers of the defendant were objectionable, because they withdrew from the determination of the jury the question of negligence.

The instruction given to the jury in the second prayer of the defendant, seems to me to be unprecedented, and outside of any rule recognized by any law that I am aware of. To say nothing of its interference with the duty of the jury, it is entirely abstract, speculative, and puts the jury upon the enquiry, as to a mere probable course of safety on the part of the plaintiff if he had adopted the specific line of conduct suggested by the prayer—such an investigation is utterly foreign to the issues regularly before the jury.

It might as well have undertaken to instruct the jury upon any other hypothesis of probabilities not in the least

germane to the legitimate subject for their investigation and decision.

. The first prayer of the plaintiff is immaterial. ·

The second prayer of the plaintiff furnished the jury with the true standard of care necessary to be employed by both parties, and ought to have been granted.

It is substantially the same as that affirmed by this Court in giving the first instruction in *Trainor's Case*, 33 *Md.*, 542.

The plaintiff's third prayer ought to have been granted. It is to the same effect as the second prayer in *Trainor's Case*, ruled to be right by this Court.

The fourth prayer of the plaintiff, as to the measure of damages, ought not to have been refused.

The plaintiff's fifth prayer, although somewhat inartificial, embraces a correct view of the duties and responsibilities of the defendant, which constituted a material element in the question of negligence. Where a railroad company does not conform to legal requirements, and disregards the city ordinances, and the fact is established, it is responsible for any accident occasioned by its instrumentality, unless the injured party was also in fault. *Miller's Case*, 29 *Md.*, 252.

The plaintiff's seventh prayer, was much like the defendant's second prayer, at least speculative and not pertinent to the true enquiry before the jury.

The eighth prayer of the plaintiff was objectionable, in ignoring altogether the question of contributory negligence on the part of the plaintiff. The question of negligence on the part of the defendant, and contributory negligence on the part of the plaintiff, is essentially one of fact, for the consideration of the jury, and it is exceptional for the Court to undertake to decide it as matter of law.

There is danger of commingling the relative duties of Court and jury in interfering with such questions. When

the Court lays down the standard, it is quite as competent for the jury to determine such question as the Court. Arguments derived from supposed prejudices and feelings of the jury, cannot be considered in such an enquiry; if there is any defect in that quarter the Court has no power to correct it, except in the exercise of their undoubted authority to grant a new trial, where the case is one authorizing and requiring such interposition.

That, however, is a matter for the determination of the Court below, and is not a subject of appellate review.

As to the respective duties of Court and jury, I refer to the dissenting opinions in the case of *Tyson vs. Tyson,* 37 *Md.,* 567.