## BALTIMORE CONSOLIDATED RAILWAY COMPANY *vs.* ANNIE RIFCOWITZ AND MORRIS RIFCOWITZ.

*Contributory Negligence—Avoidance of Injury—Accident at Street Railway Crossing.*

Plaintiff's failure to stop and look before walking upon the tracks of a street railway company is not *per se* such contributory negligence as prevents him from recovering for an injury, if the motorman of the car which struck the plaintiff did not exercise ordinary care to avoid the accident after he saw, or by the exercise of care could have seen plaintiff's peril.

At a street crossing where defendant's electric railway double tracks occupied nearly the entire bed of the street, the distance between the outer rail and the curb being only six feet, plaintiff, with bundles in her hands, attempted to cross and was struck by defendant's car, which was running at the rate of ten miles an hour. The accident happened in the daytime and there was a clear view for one thousand feet in the direction of the approaching car. The evidence was conflicting as to whether a gong was sounded or not. The motorman's evidence was that he first saw plaintiff as she was stepping from the curbstone and then endeavored to stop the car. Plaintiff testified that she looked but did not see the car. *Held*, that under these circumstances the case should not be withdrawn from the jury.

Appeal from the Baltimore City Court (PHELPS, J.) There was a verdict for the plaintiff for $100.

The cause was argued before McSHERRY, C. J., FOWLER, BOYD, PEARCE and SCHMUCKER, JJ.

*Fielder C. Slingluff* (with whom was *E. H. Harris* on the brief), for the appellant.

*Howard Bryant* (with whom was *W. H. Weissæger* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee, Annie Rifcowitz, when crossing Pratt street, at or near the corner of Little Gough street, in Baltimore

City, at about half-past six o'clock in the morning, in April, 1898, was struck and injured by an electric car of the appellant, which was going west on Pratt street. She brought suit jointly with her husband against the appellant for damages for the injury she had suffered and obtained a judgment in her favor, from which this appeal was taken.

It appears from the record that there is a double track on Pratt street, which occupies almost the entire bed of the street at the point where the accident occurred, the distance from the north rail to the curb of the sidewalk being only six feet. It also appears that there is a straight view easterly along Pratt street, from the corner of Little Gough street, for about a thousand feet, so that a person looking east from that point, ought, under ordinary circumstances, to see an approaching car in ample time to avoid it.

On the morning of the accident the appellee had made some purchases at a store on the north side of Little Gough street, near Pratt street, and was returning, with a pitcher of milk in one hand and a package of bread in the other, to her home, which is on the south side of Pratt street, when the car struck her. She testified that when about to cross the street she looked all around and did not see any car, and when she started to cross she was struck in the side by the car, and became unconscious, also that the accident happened at the corner of the two streets. She and four other witnesses, who saw the accident from its immediate vicinity, one of them from the inside of the car, testified that they heard no gong or bell ring, and the motorman, although testifying that, as soon as he saw the appellee step from the curbing to the street, he tried in every way possible to stop the car, does not say that he rang his gong or called out to warn her. Three witnesses, who were in the car at the time, testify that the motorman did ring his gong. The motorman further testified: "After I crossed Little Gough street, I noticed this woman (the appellee) step from the curbing to the street, * * * the car was then fifteen feet from her, going at the rate of ten or eleven miles

an hour, * * the woman was walking very slowly when she stepped off the pavement, and had to go about six feet to reach the track, * * she was paying no attention to the car, * * it required thirty feet to stop the car in the condition in which the track then was." All of the witnesses who saw the accident from the street testified that the car was going very fast at the time, and that the accident occurred at the corner of the two streets.

At the trial of the case the plaintiff offered but one prayer, which instructed the jury that if they found that the plaintiff did not contribute to the injuries received, but they were caused by the negligence of the defendant, the verdict should be for the plaintiff. The defendant offered two prayers, which asked the Court to instruct the jury as follows :

*First :* " That the plaintiff testified that she looked for a car upon Pratt street before attempting to cross, and immediately upon stepping upon the track she was struck, and the plaintiff's evidence also shows that there was nothing to prevent the car being seen; this evidence is not satisfactory and legally sufficient to enable the plaintiff to recover, and the verdict must be for the defendant."

*Second :* " That if they believe from the evidence that the motorman of the defendant exercised reasonable and ordinary care while running the car which struck the plaintiff, and that he exercised ordinary care to discover the approach of the plaintiff towards the tracks, and that the plaintiff was negligent in her attempt to cross the tracks, with the car running fast and near the place of accident, their verdict must be for the defendant."

The Court granted the plaintiff's prayer and the defendant's second prayer, and rejected the defendant's first prayer in the form in which it was offered, but granted it after having first modified it by adding it to these words, "*unless the jury shall further find that after the motorman saw, or could reasonably have seen, the peril of the plaintiff, he failed to exercise ordinary care to avoid the accident.*" The defend-

ant excepted to the Court's action in reference to the prayers.

The plaintiff's prayer, although rather general in its language, rests upon and asserts a well-established legal proposition which was directly applicable to the facts of the case and it was properly granted. The modification which the learned Judge below made in the first prayer of the defendant before granting it was an entirely proper one, and was requisite to make it conform to the law governing the case. The prayer, in the form in which it was offered by the defendant, rested upon the broad proposition that the plaintiff had, by her contributory negligence, destroyed her right of recovery, because, although she testified that she had looked for a car on Pratt street before attempting to cross, her evidence also showed that there was nothing to prevent her from seeing the car if she had properly looked for it. It has been held in different cases that while the public have equal rights with street railway companies to use the streets of a city for purpose of travel, a pedestrian, in the exercise of his right of crossing a street, should use his senses to ascertain whether a car is approaching. Due and ordinary care must be exercised in crossing streets, as in all other transactions of life. *Baltimore Traction Co.* v. *Helms*, 84 Md. 526–7; *Burbridge* v. *Kansas Cable R. R. Co.*, 36 Mo. App. 670; *McClain* v. *Brooklyn R. R. Co.*, 116 N. Y. 465. These cases, however, also hold that the failure by a pedestrian to stop and look before crossing a street railway will not under all circumstances, *per se*, constitute such contributory negligence as will prevent recovery. Mere negligence or want of ordinary care will not disentitle a plaintiff to recover, unless the negligence is such that but for it the misfortune could not have happened ; nor if the defendant might by the exercise of care on his part have avoided the consequences of the neglect of carelessness of the plaintiff. *Tuff* v. *Worman*, 94 E. C. L. Rep. 583 ; *Lewis* v. *B. & O. R. R. Co.*, 38 Md. 599 ; *People's Pass R. R. Co.* v. *Green*,

56 Md. 91–2. The precise form of limitation upon the general proposition, that the contributory negligence of the plaintiff has deprived him of his right of recovery, which is embodied in the modification made by the learned Judge below to the defendant's first prayer, has met the sanction and approval of this Court in several cases of accidents on street railways. *Lake Roland R. R. Co.* v. *McKewen*, 80 Md. 601 ; *Baltimore Traction Co.* v. *Appel*, 80 Md. 610.

If the Court had not modified the prayer it would have taken from the jury the question of the relative negligence of the parties. The question of negligence in cases like the present one is primarily one of fact for the jury, under instructions from the Court defining the degree of care required of each party, according to the relations existing between them at the time of the accident. It is only when the facts are undisputed or where but one reasonable inference can be drawn from them that the question becomes one of law for the Court. The case must be a very clear one to justify the Court in taking it from the jury. *B. & O. R. R.* v. *State, use of Dougherty*, 36 Md. 366 ; *B. & O. R. R.* v. *State, use of Miller*, 29 Md. 252 ; *Cumberland Valley R. R.* v. *Maugans*, 61 Md. 60 ; *Cooke* v. *Baltimore Traction Co.*, 80 Md. 558.

The present appeal does not present a case so free from doubt as to have justified the Court in taking it from the jury. There was some conflict of evidence as to the conduct of the plaintiff at the time of the accident, but, assuming that she was negligent, there was evidence from which the jury might have found that the motorman could, by the exercise of care on his part, have prevented the consequence of the neglect or carelessness of the plaintiff. The accident happened either at the corner of the two streets or within a few yards of that point. The track on which the car was running was within six feet of the curbstone, so that any person walking on Gough street, who desired to cross Pratt street, would necessarily come upon the tracks in a few steps after he came into the view of the motorman. Under

these circumstances the jury might well have come to the conclusion that he should have slackened his speed and had his car well under control in approaching and crossing Gough street and should also have kept a sharp lookout for persons about to cross his track.   He himself testifies that he was running at the rate of ten or eleven miles an hour and that he first saw the appellee when she was stepping from the curbstone to cross the street.   The plaintiff was entitled to the benefit of this evidence and the Court properly refused to deprive her of it, as he would have done if he had granted the defendant's first prayer in the form in which it was offered.

The judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided June 20th, 1899).