(Decided 22nd June, 1886.)

---

THE BALTIMORE AND OHIO RAILROAD COMPANY *vs.* DANIEL KEAN.

*Railroad accident—Negligence—Measure of Damages—Province of Jury—Running switch—Evidence—Discretion of Court—Argument to the Jury—Appeal.*

In actions for the recovery of damages for injuries resulting from railroad accidents, if both parties have been negligent, but the injury could not have been sustained if the plaintiff had not been careless and neglectful in providing for his safety, there can be no

Baltimore and Ohio Railroad Co. *vs.* Kean.

recovery. But, if, on the other hand, it is apparent from the evidence that the plaintiff, although negligent, would have suffered no injury had proper care and caution been observed by the defendant, the latter must be held liable for the damages ascertained by the proof in the cause.

In assessing damages for injuries resulting from railroad accidents, the jury may consider the character of the injuries received by the plaintiff,—how far they disabled him from pursuing his ordinary occupation,—and also the physical and mental suffering to which he was subjected by reason of such injuries, and allow such damages as in their judgment would be a fair compensation for the same. ·

The question of reasonable care and diligence, is properly left to the determination of the jury.

The plaintiff offered in evidence a rule of the defendant, which prohibited "running switches," and offered to follow it up by proof,. showing that at the time the injury occurred the agents of the defendant were making a "running switch." The plaintiff's testimony did not expressly designate the movement of the train as a. "running switch," but proved that such was the actual condition of things at the time the accident occurred—that the coaches by which he was injured, were running without an engine. ˙ The evidence of the defendant clearly proved that the peculiar movement of the cars was what is known as a ·'running switch." HELD:

That the rule offered in evidence was admissible, it being followed up by proper proof on the part of the plaintiff, which was supplemented and strengthened by that of the defendant.

It is within the discretion of the Court to allow counsel to read as a part of his argument to the jury, from a volume of printed Reports ;. and from such action of the Court there is no appeal.

APPEAL from the Circuit Court for Frederick County.

The case, together with the *first, second, third* and *fourth* exceptions, are stated in the opinion of the Court.

*Fifth Exception.*—The plaintiff offered the three following prayers, which the Court (Full Bench) granted:

1. That if the jury find from the evidence that the defendant was at the time of the happening of the alleged injury, of which the plaintiff complains, the owner of a.

railroad, with several tracks running through the City of Cumberland, and across the streets thereof, and was engaged in moving trains propelled by steam thereon, then in the management of said trains the defendant was bound to use such care and caution to prevent injury to persons travelling along said streets where they are crossed by said tracks, as prudent and discreet persons would have used and exercised under like circumstances ; and if they find that on the night of the 27th of July, 1879, the plaintiff, while crossing the railroad of the defendant on Williams street, in said city, was run over by the cars of the defendant and injured, as stated in the testimony, and that such injury was caused by the negligence of the defendant, or its agents, in charge of said cars, and that by the exercise of ordinary care and caution by the defendant, or its agents, the accident causing such injury could have been avoided, the plaintiff is entitled to recover, if the jury further find that the plaintiff was, at the time of the accident, using due care and caution on his part.

2. That if the jury find from the evidence that the defendant owned and operated a railroad in Cumberland, as stated in the first prayer, and that on the night of the 27th of July, 1879, the plaintiff was stupidly drunk, on his hands and knees, on the defendant's track, at or near the crossing thereof over Williams street, and was injured and wounded by a passing train of cars, then the plaintiff is entitled to recover ; provided, the jury further find that the agents of the defendant in charge of said cars, discovered the plaintiff in such dangerous situation in time to stop said cars and save the plaintiff from injury by the use of ordinary care and caution on the part of such agents in charge of said cars.

3. That if the jury find for the plaintiff under either of the aforegoing prayers, then in assessing the damages they may consider the character of the injuries received by him, how far they disabled him from pursuing his ordi-

nary occupation, and also the physical and mental suffering to which he was subjected by reason of such injuries, and allow such damages as in their judgment would be a fair and just compensation for the same.

The defendant offered twelve prayers, the sixth, seventh and eighth of which, as follows, the Court rejected, the others the Court granted and they are omitted:

6. That if the jury shall find that at the time and place, when and where the accident occurred, the warnings made by the agent of the defendant in charge of said train, upon discovering plaintiff on the track on which said train was running, were sufficient to warn a sober man in the full possession of his faculties, that there was danger in crossing said track, and that said warnings were given in time to enable any one, in his sober senses, to get off of said track, but shall further find from the evidence that at the time when the accident occurred the plaintiff was drunk, and by reason of his drunkenness did not heed said warnings to get off of said track; and shall find that said plaintiff was run over and injured by said train of cars, then the plaintiff is not entitled to recover in this action, unless the jury shall further find that the agents of the defendant employed in the management of said train of cars, after discovering that said plaintiff did not heed such warnings, could, by the exercise of reasonable care and prudence, stop said train of cars to prevent accident and injury to the plaintiff, and that there is no legally sufficient evidence in this cause from which the jury can find that the agents of the defendant in charge of said train of cars did not use such reasonable care and prudence to stop said train of cars after they discovered the plaintiff on the track.

7. That if the jury believe from the evidence that plaintiff was on the track of the defendant drunk, and in such condition as not to be able to take care of himself, and that after the engine was detached from the cars, if they

believe it was so detached, the conductor stood upon the front platform of the front car with his lantern burning bright, and that the light of the lantern was visible, and could have been seen at the point where plaintiff was injured, and that when the conductor was about one hundred and ten feet from the point where the plaintiff was, he for the first time discovered an object upon the track, and that he afterwards ascertained it was a man, and that immediately upon discovering said object on the track, he gave warning of the approach of the cars by crying out in a tone of voice loud enough for plaintiff to have heard him, and continued to cry out for the purpose of giving said warning, and that immediately upon giving said warning, the conductor and brakeman used all reasonable efforts to stop said cars before reaching the plaintiff, and to prevent the injury complained of; and if they further believe that plaintiff failed by reason of his being drunk, to notice or heed the warning so given by said conductor, if they believed such warning was given, and failed to get off the track and out of the way of said cars by reason of his being drunk, then the plaintiff is not entitled to recover; and it is incumbent on the plaintiff to show that the agents of defendant did not use all reasonable efforts to stop said cars, after discovering the plaintiff on the track, and that he did not heed the warning, and there is no sufficient legal evidence in this case to show such failure to use all reasonable efforts.

8. That if the jury shall believe that the plaintiff was drunk on the track of the defendant in the position testified to by the witnesses, Peregoy and Gilligan, the burden of proof is on the plaintiff to show that after he was discovered in such position by the agents of the defendant in charge of the train of cars moving down said track, if the jury so find, the agent of the defendant did not use reasonable care and diligence to prevent the accident complained of, and that no sufficient legal evidence

Baltimore and Ohio Railroad Co. *vs.* Kean.

of want of reasonable care and diligence on the part of the agents in charge of such train of cars has been offered to the jury.

The defendant excepted to the rejection of its sixth, seventh and eighth prayers, and to the granting of the plaintiff's prayers.

*Sixth Exception.*—One of the counsel for the plaintiff, as part of his argument before the jury, and for the purpose of illustrating the same, read to the jury out of a book known as "45 *Maryland Reports*," from the case of *Baltimore and Ohio Railroad Company vs. Mulligan*, in the opinion of the Court, on page 492 of said Reports. The defendant objected to such reading. But the Court overruled the objection of the defendant, upon the ground that in trials before that Court it was allowable and permissible for counsel, as part of their argument before the jury, to read from any book or paper, though there was no written or printed rule of said Court on the subject, and stated to the jury that they could not take such reading as law governing the case, and permitted said counsel to read from said book. Whereupon the defendant excepted.

The jury rendered a verdict for the plaintiff for $6300, and judgment was entered on the verdict. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J.

*A. Hunter Boyd,* and *John K. Cowen,* for the appellant.

*Ferdinand Williams,* and *William Walsh,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

This case has been before this Court on a former appeal; the verdict and judgment in the Circuit Court for

Frederick County having, on the first trial, been adverse to the plaintiff below. That judgment was reversed and a new trial awarded. The result of a second trial was a verdict in favor of the plaintiff and from the judgment then rendered this appeal has been taken by the defendant.

The action was brought for the recovery of damages sustained by the plaintiff who was injured by a train of cars belonging to the defendant and controlled by its agents. There was evidence adduced by both parties in relation to the question of negligence. When the testimony was closed the plaintiff offered three and the defendant twelve prayers for instructions. The Court granted the plaintiff's prayers and also all the prayers offered by the defendant except the sixth, seventh and eighth, which were rejected. To the rejection of these three prayers and to the granting of the plaintiff's prayers, the defendant has excepted. The questions relating to negligence, which have been presented by the plaintiff's first and second prayers have already been determined by this Court on the former appeal. In the opinion reported in 61 *Md.*, 164, we find a summary of all that the Courts have said on the subject in the numerous cases of this nature which have been under adjudication.

The governing principle established by the Courts may now be clearly and concisely expressed in a very few words. If both parties have been negligent, but want of due care and caution on the part of the plaintiff was the direct cause of the injury, or in other words, if the injury could not have been sustained if the plaintiff had not been careless and neglectful in providing for his safety, there can be no recovery in the action. But if, on the other hand, it is apparent from the evidence that the plaintiff, although negligent, would have suffered no injury had proper care and caution been observed by the defendant, the right of action is maintainable, and the defendant

must be held liable for the damages ascertained by the proof in the cause.

The rule in question has been enunciated with great clearness and precision in *Tuff vs. Warman,* 5 *C. B. N. S.,* 585, in which case it was said :

" It appears to us that the proper question for the jury in this case, and indeed in all others of the like kind, is, whether the damage was occasioned entirely by the negligence or improper conduct of the defendant, or whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary and common care and caution, that, but for such negligence and want of ordinary care and caution on his part, the misfortune would not have happened.   In the first case, the plaintiff would be entitled to recover, in the latter not; as, but for his own fault, the misfortune would not have happened.   Mere negligence or want of ordinary care or caution would not, however, disentitle him to recover, unless it was such, that, but for that negligence or want of ordinary care and caution, the misfortune could not have happened ; nor, if the defendant might by the exercise of care on his part have avoided the consequences of the neglect or carelessness of the plaintiff."

The first and second prayers of the plaintiff were evidently prepared with strict reference to these principles, and the Court below committed no error in granting the instructions thus invoked.   Nor is there the slightest objection apparent from the phraseology of the plaintiff's third prayer.   It enunciates a rule in relation to the measure of damages which has been sanctioned by the Courts in all such cases and it was, therefore, properly granted.

The sixth, seventh and eighth prayers of the defendant ask the Court to say that there is no evidence in the cause legally sufficient to show a want of reasonable care and diligence on the part of the agents of the defendant in

charge of its train of cars, after the discovery of the plaintiff on the track. Now the plaintiff had in evidence, the statements of two experienced men who had been engaged in the business of running trains of cars and who said that ordinary care would, in their opinion, have stopped the cars before they could have come in contact with the plaintiff. It is manifest that the Court could not assume the truth of this evidence and then take the question from the decision of the jury. The jury might have given credence to this testimony which would, of course, have involved a disbelief in all contradictory evidence. The Court was, therefore, clearly right in rejecting these three prayers offered by the defendant.

The defendant's first, third and fourth bills of exception relate to the admission as evidence of its rule, No. 83, which is a prohibition against making "running switches." When the objection to the admission of this evidence was made, the plaintiff offered to follow it up by the introduction of proof showing that at the time when the injury occurred, the agents of the defendant were making a "running switch." On this offer the Court admitted the evidence. The plaintiff then proved that he was knocked down and injured by some cars belonging to the defendant which were running without an engine. A running switch is said to consist either "in detaching the portion of the train, to be switched off, while the cars are in motion," or "the locomotive, without being coupled, may back up to a car, or a portion of a train, with considerable speed, and, giving it a parting kick, send it off in any desired direction." 1 *Thompson on Neg.*, 452; *Chicago R. R. Co. vs. Dignan*, 56 *Ill.*, 487; *Haley vs. New York, &c. R. R. Co.*, 7 *Hun*, 84; *Hay vs. Penn. R. R. Co.*, 65 *Pa. St.*, 269.

There was evidence that the train of cars, by which the injury was inflicted, was running without an engine. As it is to be presumed, in the absence of proof to the con-

trary, that every train of cars running on the defendant's road, is under the control of its agents, there was certainly evidence to go to the jury tending to prove that the defendant's agents were making a "running switch." The plaintiff therefore did follow up the evidence objected to, by proper proof, which was afterwards supplemented and strengthened by that offered by the defendant and sifted, to the advantage of the plaintiff, on cross-examination.

The plaintiff's testimony did not expressly designate the movement of the train as a "running switch," but proved that such was the actual condition of things at the time when the accident occurred. The evidence of the defendant clearly proved that the condition of things proved by the plaintiff, or in other words, the peculiar movement of the cars, was what is known as "a running switch." The evidence shows that the conductor detached the engine from the cars and let the train in on another track. The witness was then asked, on cross-examination, "what is the manœuvre, you have just described, called among railroad men?" The answer was, that on the Balt. & Ohio R. R., it is called a "running switch." The Court overruled an objection to this question and this ruling is the basis for defendant's second bill of exception. It is clear that the question was proper on cross-examination, and that the plaintiff was entitled to the benefit of the proof thus elicited.

What has been said necessarily disposes of the defendant's first, third and fourth bills of exception founded on the refusal of the Court, on motion, to exclude from the consideration of the jury, rule 83 of the Baltimore and Ohio Railroad Company, offered in evidence in chief by the plaintiff.

The defendant's sixth exception relates to the reading, by plaintiff's counsel, from one of the Reports, as a part of his argument to the jury. In the case of the *Augusta Insurance and Banking Co. vs. Abbott,* 12 *Md.,* 383, a

similar question was presented, and the Court said "that, in conducting trials at *nisi prius,* many things necessarily depend upon the discretion of the Court," and that the exception taken "was on a matter within the discretion of the Court, and that no appeal lies therefrom." It may be safely assumed, that no Judge will ever permit counsel to supplement an argument by reading to the jury from the books, any exposition of legal principles conflicting with the instructions given by the Court.

There being no perceptible error in any of the rulings of the Court below, the judgment should be affirmed.

*Judgment affirmed.*

(Decided 22nd June, 1886.)