## CHARLES J. MEISTER vs. JOHN F. ALBER.

*Contributory Negligence—Master and Servant—Fall Down Elevator Shaft by an Employee.*

In defendant's building some of the rooms were separated by an elevator shaft and the only means of passing from one to the other was by crossing upon the floor of the elevator which was constantly being moved from one story to another of the building. Plaintiff, who had been employed in the establishment for several months and was acquainted with the working of the elevator, &c., was directed by the defendant, his employer, to go for a certain purpose into one of the rooms, across the elevator which was then in place there. While he was in that room, defendant took the elevator to an upper story. Plaintiff coming out of the room to go into the opposite one, assumed that the elevator was still in the position where he had left it and, without stopping to look, although there was light enough to see, started across and fell several feet to the cellar below. *Held*, that he was guilty of such contributory negligence as to preclude him from recovering in an action for negligence.

Appeal from the Superior Court of Baltimore City (RITCHIE, J.) At the trial the Court granted the plaintiff's first prayer as follows:

If the jury shall find from the evidence that at the time of the happening of the injury complained of in the declaration, the defendant possessed and occupied a building in the city of Baltimore, in which he conducted the business of a butcher, and that in said building there was an elevator running through openings in the floor thereof, and used as a means of communication between the rooms of said building, and that the said plaintiff was employed by said defendant, and in course of said employment was required to cross over the platform of said elevator in going from the " killing " room to the " cold-storage " room, on the third floor, and that at the time aforesaid he did so cross over from the killing room to the cold-storage room on the opposite side of the opening on said third floor, and that while

said plaintiff was in said cold-storage room, the defendant knew, or could, by the exercise of reasonable care, have known of the presence of said plaintiff in the said cold-storage room, and without warning said plaintiff, and without taking reasonable precaution to protect said opening in said third floor, the said defendant caused the elevator to ascend to the fifth floor of said building, and thereby left said opening in said third floor unprotected; and the jury shall further find that the plaintiff, while exercising such care as a prudent person would ordinarily exercise under the same circumstances, fell down said shaft, and was thereby injured, then their verdict must be for the plaintiff.

And the Court rejected the following prayers of the defendant:

1st. That upon the undisputed evidence, it is apparent that the plaintiff so directly contributed to the happening of the accident to him, to recover damages for which this suit is brought, by his own want of ordinary care and prudence, that he cannot recover in this action, and the verdict of the jury must be for the defendant.

5th. That if the jury shall find from the evidence that during the time of the plaintiff's employment by the defendant previous to the day of the accident, the elevator was frequently moved from one story to another each day without the person so moving it calling out " waiter " or " watch out," or using similar language to give notice that the waiter was to be moved, and that this was known to the plaintiff, then the plaintiff, after going into the cold-storage room on the morning of the accident, had no right to rely on said warning being given, and it was his duty, when coming out of said cold-storage room, to ascertain for himself whether said elevator was in the position for his use to pass over it to the slaughter-house; and although the jury shall further find that the defendant, after the plaintiff went into said cold-storage room on the morning of said accident, took the elevator up to the floor above said cold-storage room, and did not call out " waiter " or " look

out," or use similar language to give warning that said elevator was to be moved, yet the plaintiff cannot recover in this action if the plaintiff, by taking time to look, and looking, when about to leave the said cold-storage room, could have ascertained that the said elevator was not in position to be used by him, or if the plaintiff could have, by the use of any other means, ascertained that said elevator was not in said position.

6th. If the jury shall find from the evidence that the plaintiff had been in the employ of the defendant on the premises mentioned in the evidence for more than a year previous to the day of the accident to him, and during said period of said employment had been in the daily use of the elevator mentioned in evidence, for the purpose of passing back and forth from the slaughter-room to the cold-storage room, and was fully acquainted with all the uses made of said elevator in the prosecution of the business of the defendant, as testified to by the plaintiff, and that said elevator was taken from floor to floor whenever there was occasion to use it, and that although it was the custom of the establishment that when it was to be moved, the person moving it would, before doing so, call out " waiter " or " watch out," or use similar language, as a warning or notice that it was to be moved, but that very frequently this warning would not be given ; and still further find that at no time during said employment of the plaintiff had there been any railings around the said elevator opening, and that it was more or less dark about said elevator, and that the mode of affording light to said elevator and its opening was the same during all the time of the employment of the plaintiff as it was on the day of the accident, and that if the plaintiff, when coming out of the storage-room on the day of the accident, had, before passing through the cold-storage door [taken time to look to see if the floor of said elevator was in place for him to use, he could have seen whether it was so in place, and did not so take time to look, then the plaintiff was guilty of such contributory negligence as will prevent

his recovery in this case, and their verdict must be for the defendant] .

The sixth prayer was granted after the Court had modified the same by substituting for that part enclosed in brackets the following : " Used such care as a man of ordinary prudence would have used under all the circumstances to see if the floor of said elevator was in place for him to use, he could have seen whether it was so in place and did not use such care, then the plaintiff was guilty of such contributory negligence as will prevent his recovery in this case and their verdict must be for the defendant."

The jury returned a verdict for the plaintiff for $925.

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, FOWLER and ROBERTS, JJ.

*Bernard M. Carter* and *Charles H. Carter* (with whom was *Bernard Carter* on the brief), for the appellant.

*D. Eldridge Monroe* (with whom was *Thomas C. Weeks* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellee brought suit in the Superior Court of Baltimore to recover for personal injuries sustained by him, caused by a fall through an elevator shaft in a building owned by the appellant. The judgment was for the plaintiff and the defendant has appealed. The main questions in the case arise upon the prayers and relate to the negligence of the defendant and to the contributory negligence of the plaintiff.

The plaintiff's prayers as granted by the Court are conceded to be free from any valid objection, and the exception to the modification of the defendant's second and fourth prayers was abandoned at the hearing in this Court. So the questions to be passed upon are contained in the rulings of the Court upon the rejection of the defendant's first and fifth prayers and its modification of the sixth.

At the close of the testimony on both sides the Court was asked by the defendant's first prayer to withdraw the case from the jury, because upon the undisputed evidence it is apparent that the plaintiff so directly contributed to the happening of the accident by his own want of ordinary care and prudence, that he cannot recover in this action. This prayer being in the nature of a demurrer to the evidence it becomes necessary for us to examine the facts of the case. The plaintiff testified that he was a butcher by trade and at the time of the accident had been employed by the defendant for over fifteen months at his place of business, corner of Pennsylvania avenue and Retreat street, Baltimore, and his work was to make sausage; that on the floor of the building, which is on a level with the street, there are two rooms—one called the slaughter-house and the other the cold-storage room, and between these there is an elevator shaft, the floor of the elevator being used as a passage between the two rooms, the former being about one foot higher than the cold-storage room; that this elevator floor is the only means of communication between the two rooms, and the elevator was used by the defendant and his employees in taking meat between the different stories of the building, which consists of five stories, one below and four above the ground. He further testified that on the morning of the accident he was told by the defendant to take sausage meat into the cold-storage room, and to bring out cold meat and to begin making sausage, which was his daily occupation; that on his return he stepped in to take the elevator, feeling certain it was in its place, and fell 24 feet to the cellar below. There was other testimony on the part of the plaintiff and the defendant at the trial below, but from a careful examination of the record it will be found that the decisive and controlling fact in the case is the glaring act of carelessness on the part of the plaintiff in negligently attempting to cross the elevator floor without ascertaining whether it was in the place where he left it.

According to his own testimony he was in a hurry, and

in his own language, "If he had stopped long enough and looked extra" he would have seen that the elevator was not there. He was a man in the full possession of all his faculties, had been employed in the same work for over fifteen months, and was thoroughly acquainted with the surroundings of the building. The testimony further shows that he was in the habit of operating the elevator in going from the different rooms of the building and also knew that it was being constantly used by the other employees of the house. There was sufficient light for him, either before he left the cold-storage room or after he reached the platform from which he fell, if he had exercised reasonable caution and vigilance, to have seen whether or not the elevator floor was in place. The exercise of the most ordinary care, it seems to us, on the part of the plaintiff, would have prevented the injury complained of.

The principle of law governing these cases is thus stated by this Court in *Lewis* v. *B. & O. R. R. Co.*, 38 Md. 599 : "Without reviewing the many cases in which the subject of negligence has been considered, the question in this and in all cases of like kind is whether the injury complained of was caused *entirely* by the *negligence* or *improper conduct of the defendant* or whether the plaintiff so far contributed to the same by *his own negligence* or *want of ordinary care and prudence*, that but for such negligence or want of care and prudence the injury would not have happened. In the first case the plaintiff would be entitled to recover, in the latter he would not, unless the defendant by the exercise of care and prudence, might have avoided the consequences of the plaintiff's negligence." But, even if it be assumed, as stated by the appellant in his brief, that the act of the appellant in moving the elevator without notice was negligence, and that this negligence contributed to the accident by causing the appellee to rely upon the absence of such notice in failing to ascertain the absence of the elevator, yet, as this was an act of negligence, prior in point of time to the act of the appellee in failing to take proper

precautions to ascertain whether the elevator was in position, it did not excuse him from using ordinary care in order to avoid the consequences of the appellant's negligence.

Now, while it is true, the question of negligence is ordinarily one of fact and not of law, yet says this Court in *Cumberland Valley Railroad Company* v. *Maugans*, 61 Md. 60, cases do occur in which it becomes the duty of the Court to interpose and withdraw them from the consideration of the jury. It must present some prominent and decisive act in regard to the effect and character of which no room is left for ordinary minds to differ. We are of opinion that in the present case there was contributory negligence or want of ordinary care on the part of the plaintiff, and that the defendant's first prayer, withdrawing the case from the consideration of the jury, should have been granted.

We find nothing in the case of *Morgolofski* v. *The People's Bank*, 75 Md. 432, relied on by the appellee, in conflict with the views herein expressed.

Entertaining this view, we do not find it necessary to pass upon the rulings of the Court upon the other prayers.

> *Judgment reversed, without awarding a new trial, with costs.*