## KNECHT *vs.* MOONEY.

*Prayers: rejection of correct—; when no error; modification of
prayers by Court; prayers taking case from jury; offering
of evidence to sustain defense; waiver of right of
appeal. Evidence: conflicting; question for
jury. Negligence: driving between other
teams. Contributory negligence;
when question for Court.*

Where a defendant's prayer taking the case away from the jury
is rejected, the defendant by offering evidence in support of
his defense, waives his right of appeal from the action of the
Court in rejecting the prayers.  p. 589

In cases of conflicting evidence the question of negligence is
one for the determination of the jury.  p. 587

In order for a Court to be justified in assuming as a matter of
law that the plaintiff's actions amounted to contributory neg-
ligence, the uncontradicted evidence must establish some dis-
tinct, pronounced and decisive fact about which ordinary
minds could not differ.  p. 587

Where there is ample room, between a wagon standing on the
side of a street and another driving on the railroad track in
the center of the street, for a party to drive a wagon between
them in safety, it can not be declared as a matter of law that
to attempt so to drive between them is negligence *per se*.
 p. 587

It is no error to reject a prayer, proper in itself, if the law of
the case presented by it is covered by other prayers that have
been granted.  p. 589

The modification of a prayer by the Court presents no reversi-
ble error when the modification is a change in form only and
does not modify any statement of the law.  p. 590

*Decided November 13th, 1912.*

Appeal from the Baltimore City Court (DAWKINS, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., PEARCE, BURKE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*J. Royal Tippett* and *Richard B. Tippett* (with whom was *W. Burns Trundle* on the brief), for the appellants.

*Charles C. Fears* and *C. Arthur Eby,* for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Baltimore City Court, in a suit brought to recover for injuries alleged to have been caused by the negligence of the appellants' servant while driving a cart on one of the streets of said city.

There are but two exceptions in the record. The first is to the refusal of the lower Court to grant the three prayers of the defendants, offered at the conclusion of the plaintiff's testimony, to withdraw the case from the jury on the ground of contributory negligence and because the plaintiff had offered no evidence legally sufficient to show negligence on the part of the defendants, and the second is to the action of the Court on the prayers offered by the defendants at the close of the case.

In regard to the first exception, it is only necessary to say that since the case of *Barabasz* v. *Kabat,* 91 Md. 53, it has been the established rule in this State that where, after the refusal of the Court to grant a prayer at the conclusion of plaintiff's testimony to take the case from the jury, the defendant offers evidence in support of his defense, he thereby waives any error in the rejection of said prayer, and the ruling of the Court can not be reviewed on appeal. *United Rys. Co.* v. *Deane,* 93 Md. 619; *New York, etc.,* v. *Jones,* 94 Md. 24.

As the defendants by their first three prayers offered at the close of the case, renewed their effort to withdraw the case from the jury on the grounds already stated, it will be necessary to examine the evidence in the case.

The plaintiff offered in evidence the ordinance of the Mayor and City Council of Baltimore which provides: "The drivers of all carriages of burden or pleasure, and the riders of all bicycles of every kind whatsoever, driving, riding or passing through the streets, lanes or alleys of the City (where there is room sufficient for two to pass) shall keep on that side of the street, lane or alley on their right hands, respectively, etc.," and also the ordinance of the Mayor and City Council of Baltimore which provides that "Vehicles shall keep to the right of the center of all streets," and "Vehicles meeting shall pass each other to the right," and then offered evidence tending to show that the plaintiff, on the 8th of August, 1911, was driving a one-horse wagon along the north or right-hand side of Pratt street and going west; that there was a horse and wagon standing on the north side of Pratt street, close to the curb stone in front of 326 West Pratt street, facing west, with the wheels of the wagon in the gutter; that a cart, driven by the servant of the defendants and loaded with bricks, was coming east on Pratt street; that the B. & O. Railroad Company has a single track in the center of the street, and that the left-hand wheel of the cart was about six inches north of the north rail of the track and that the right-hand wheel was between the rails of the track; that the distance between the north curb of Pratt street and the north rail of the railroad track is seventeen feet; that the plaintiff's wagon was six feet wide, and that the width of the wagon standing in front of 326 West Pratt street was about the same; that the space between the wagon in front of 326 West Pratt street and the cart was about ten feet, and that as the plaintiff attempted to drive around the said wagon and between it and the approaching cart, just as he was passing between the cart and wagon, the cart suddenly turned towards him and towards the north side of the track, and the wheel of the cart struck the hub of the front wheel of his wagon, throwing his horse around towards the track. and the plaintiff was thrown out of his wagon and injured; that in driving between the wagon and cart the plaintiff

drove as close to the wagon as he could; that the driver of the cart was whipping his horse or mule and driving as fast as his horse could walk, and that the plaintiff was driving in a walk; that there was no obstruction on the south side of the track at the place where the accident occurred, and that there was nothing there to prevent the man driving the cart from turning to the right.

The defendants offered evidence tending to show that the driver of the cart was going east on Pratt Street, and before he reached the point of the accident he drove on the railroad track to avoid some piles of dirt and holes in the street on the south side of the track; that the left wheel of the cart was on or south of the north rail of the track and the right-hand wheel was south of the south rail; that the driver of the cart saw the plaintiff coming west on Pratt Street, and that there was plenty of room for him to pass between the wagon in front of 326 West Pratt Street and the cart, and that as the plaintiff turned to go around the wagon he drove too far to the south, and the wheel of his wagon struck the hub of the cart wheel. The defendants also offered evidence tending to show that by reason of the holes and dirt and other obstructions on the south side of the track it was impossible for the defendants' servant to have driven to the south side of the street.

It is urged by counsel for the appellant that there is no evidence of negligence on the part of the driver of the cart, and that the accident was caused by the negligence of the plaintiff in attempting to drive between the wagon and cart, instead of waiting until the cart had passed the point of the collision.

But it is apparent from this brief review of the evidence that, according to the evidence adduced by the plaintiff, the accident was caused by the sudden turning of the cart towards the plaintiff as he was driving between it and the wagon, while the evidence offered by the defendants tends to show that the collision was the direct result of the plaintiff's own

carelessness. If we accept the plaintiff's version of how the accident occurred, then the defendants' servant was guilty of negligence in suddenly turning the cart in the direction of the plaintiff as he was passing between the cart and wagon. On the other hand, if the statement of the defendants' servant is true, the plaintiff was the victim of his own recklessness. Under such circumstances the questions of negligence and contributory negligence are matters for the jury to determine.

It is said in *United Railways* v. *Seymour,* 92 Md. 425: "Negligence is usually a question for the jury to decide upon all the facts of the case; *Shipley's case,* 31 Md. 368; *B. and O. R. R. vs. Miller,* 29 Md. 252; and when 'it can only be correctly determined by considering all the attending and surrounding circumstances of the transaction, it falls within the province of the jury to pass upon and characterize it,'" and in the same case JUDGE PAGE said that, "Unless the uncontradicted evidence in the case proves such a glaring act of carelessness on the part of the appellee as to amount in law to contributory negligence, it is the duty of the Court to submit the matter to the jury." In the case of *Cooke* v. *Baltimore Traction Co.,* 80 Md. 551, this Court held that the uncontradicted evidence in the case must establish some distinct, prominent and decisive fact, about which ordinary minds would not differ, in order to justify the Court in pronouncing the plaintiff's conduct such contributing negligence in law as prevents a recovery.

In the case at bar there is no such decisive act of negligence on the part of the plaintiff. According to the evidence, there was ample space between the wagon standing in front of 326 West Pratt Street and the cart through which he could have passed in safety, and the Court can not say as a matter of law that he was negligent in attempting to do so.

The defendants' fourth, fifth and sixth prayers are as follows:

*Fourth.*—The Court instructs the jury, if they find from the evidence, that on the morning of August 8th, 1911,

Edward Adams, the employee of the defendants, hauled a load of five hundred arch bricks, weighing more than a ton, loaded on a cart, pulled by a horse of the defendants, from the brick yard of the defendants on Benson Avenue, near St. Agnes' Hospital, intending to deliver the same at the Fidelity Building on North Charles Street; that said driver drove said horse and loaded cart on Wilkens Avenue to Gilmor Street, and thence to Pratt Street, and then drove easterly on the south side of Pratt Street; that after passing Eutaw Street, in the exercise of reasonable and ordinary care, and believing the condition of the south side of Pratt Street between Howard and Eutaw Streets at that time to be unsafe for driving said horse and loaded cart over the same, if the jury so find, drove said horse and loaded cart eastwardly on or over the car tracks in or near the center of Pratt Street; that the plaintiff was driving his horse and wagon west on Pratt Street south of No. 324 or 326 West Pratt Street, between a wagon standing near the front of No. 324 or 326 West Pratt Street and said loaded cart, and that in so doing the hub of the left hind wheel of the plaintiff's wagon collided with the left hub of defendants' cart, and the plaintiff was thereby thrown out of his wagon and injured; and that the said injury to the plaintiff was not caused by the negligence or want of ordinary care on the part of the driver of the horse and loaded cart of the defendants, then they will find their verdict for the defendants.

*Fifth.*—Even if the jury find from the evidence that, under the circumstances of the case, the driver of the cart in question was negligent in driving the said cart eastwardly between Eutaw and Howard streets, on or over the car tracks near the centre of Pratt Street; yet, if they further find that the injury to the plaintiff complained of was caused by any negligence or want of reasonable care on the part of the plaintiff, at the time of the accident, directly contributing thereto, and except for the want of such care and caution the injury would not have been sustained, then the plaintiff can not recover.

*Sixth.*—If the jury find from the evidence that there is a single car track, two rails, in the bed of Pratt street, between Eutaw and Howard Streets, about the centre of Pratt Street; that the accident to the plaintiff occurred on Pratt Street south of a wagon standing in front of No. 324 or 326 West Pratt Street; that at the time of the accident, the defendants' cart was loaded with brick, weighing more than a ton, going east, drawn by a horse of the defendants; that before and at the time of the accident the said horse and cart were driven easterly, in a straight course, on Pratt Street, on or over said car tracks; that the plaintiff, before the accident, had a clear view of said horse and cart; that the plaintiff, driving westerly on Pratt Street, did not use reasonable care to avoid injury to himself, and undertook to drive his horse and wagon through the space between said wagon in front of No. 324 or 326 West Pratt Street, and the left hub of the defendants' cart, and that in attempting so to do, the hub of the left hind wheel of the plaintiff's wagon collided with the hub of the left wheel of the defendants' cart, and thereby the plaintiff was thrown out of his wagon and injured; and shall further find that such failure of the plaintiff to use reasonable care on his part to avoid injury to himself, under the circumstances, contributed directly to his injury, then the plaintiff can not recover.

There was no error in the rejection of defendants' fourth and sixth prayers. In so far as they could be said to properly present the law of the case, they were covered by defendants' fifth prayer. Of course the plaintiff could not recover if the accident was not caused by the negligence of the defendants' servant, or if the plaintiff's negligence directly contributed to his injury, but these prayers contain much matter foreign and immaterial to the real issue in the case which was calculated to confuse and mislead the jury. The route defendants' servant took to reach Pratt street, or what he thought was the condition of the south side of Pratt street, as distinguished from its real condition, were matters that could not possibly aid the jury in reaching a proper

conclusion, and could only tend to confuse and mislead them. Moreover defendants' sixth prayer practically told the jury that the plaintiff was guilty of negligence in attempting to drive through the space between the cart and the wagon standing on the north side of Pratt street.

The Court below granted defendants' fifth prayer after adding thereto the words "and except for the want of such care and caution the injury would not have been sustained." Assuming that the prayer was good without the modification, the plaintiff was not prejudiced by it. The Court below merely adopted the language of the Court in *Lewis* v. *B. & O. R. R. Co.,* 38 Md. 588; *B. & O. R. R. Co.* v. *Kean,* 65 Md. 394, and *Meister* v. *Alber,* 85 Md. 72, and in the case of *Baltimore City* v. *Lobe,* 90 Md. on page 314, the Court said: "The modification of the Court in the defendant's third prayer, was a change of form only and did not modify the law. As offered, the jury were told that 'if the plaintiff did not use reasonable care and diligence, and the injury complained of could have been avoided had he done so, then he is not entitled to recover;' as modified by the Court, they were told that 'if the plaintiff did not use reasonable care and diligence, and the injury complained of *was directly due to such failure,* then he is not entitled to recover.' There is no material difference in saying that if the plaintiff was guilty of negligence which *directly* contributed to cause the accident, and that he was guilty of negligence but for which the injury would have been avoided. For if the accident would have been avoided by the use of care and diligence, it follows that the want of such care and diligence directly contributed to cause it."

Finding no reversible error in the rulings of the Court below, the judgment must be affirmed.

*Judgment affirmed, with costs.*